# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| STORMIE POSS, | ) |
| Plaintiff, | ) |
| vs. | ) CASE NO. |
| CENTURION HEALTH, P.C., | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. Plaintiff, Stormie Poss ("Poss" or "Defendant"), by counsel, brings this action against Defendant, Centurion Health, P.C. ("Defendant"), for violating Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq.*, the Tennessee Human Rights Act ("THRA"), and Tennessee Law.

### II. PARTIES

2. Poss performed her job duties and responsibilities within the geographical boundaries of the Middle District of Tennessee.

3 Defendant maintains offices and routinely conducts business within the geographical boundaries of the Middle District of Tennessee.

### III. JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this litigation pursuant to 28 U.S.C. §1331, 28 U.S.C. §1343, 28 U.S.C. § 1367, 42 U.S.C. § 2000e-5(f)(3) and the THRA.

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b) and the THRA.

1

6. Poss was an "employee," as that term is defined by 42 U.S.C. §2000e(f) and the THRA.

7. Poss satisfied her obligation to exhaust her administrative remedies by timely filing a Charge of Discrimination (Charge No. 494-2024-00089) with the U.S. Equal Employment Opportunity Commission ("EEOC") against the Defendant alleging discrimination based on her sex and pregnancy. Poss received the required Notice of Suit Rights on June 11, 2024, and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Middle District of Tennessee; thus, the venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9. Poss is a female-identifying individual who, at all times, was a birthing person.

10. On or around June 26, 2023, Poss was placed by Maxim Healthcare Staffing ("Maxim") to work for Defendant at its Debra K. Johnson Rehabilitation Center as a Licensed Practical Nurse ("LPN").

11. At all relevant times, Poss met or exceeded the Defendant's legitimate performance expectations.

12. On or around August 14, 2023, Poss informed Heather Crotzer ("Crotzer"), Current or Former On-Site Manager for the Defendant, that she was pregnant and attempted to engage in the interactive process by providing a medical note that restricted her from doing heavy lifting and exposure to X-ray Machines and contagious individuals. Upon information and belief, Defendant had open positions available that could accommodate Poss' restrictions, and initially, Crotzer approved Poss' request and placed her in the Medication Room.

13. On or around August 16, 2023, Poss received a call from another Nurse who informed her that Poss was removed from the schedule. Poss called Michelle (Last Name Unknown ("Michelle")), the Current or Former Nursing Director for the Defendant. Michelle informed Poss that the Defendant could not accommodate her pregnancy, and as a result, her employment was terminated.

14. Poss called Kelly Broderick ("Broderick"), Poss' Maxim Contact, and asked if anything could be done. Broderick called the Defendant and was able to broker the situation. Defendant stated that it could accommodate Poss' X-Ray restriction but would need to gather more information from Poss' medical provider related to her lifting/weight restrictions. The Defendant required that Poss complete a Fitness for Duty Release ("Release").

15. On or around August 22, 2023, Poss executed and returned the required Release. Less than three (3) hours later, Aleycia McCullough ("McCullough"), Current or Former Employee for Defendant, informed Maxim that it "do[es] not do any accommodations for non-Centurion Employees' and ended Poss' employment. Defendant's stated reason is pretext for discrimination.

## V. CAUSES OF ACTION

### COUNT I: TITLE VII & THRA- SEX DISCRIMINATION

16. Poss hereby incorporates paragraphs one (1) through fifteen (15) of her Complaint as if the same were set forth at length herein.

17. Poss is a female-identifying individual.

18. Defendant discriminated against and subjected Poss to differential treatment on the basis of her sex.

3

19. Defendant's actions were intentional, willful, and taken in reckless disregard of Poss' rights as protected by Title VII & the THRA.

20. Poss has suffered damages as a result of Defendant's unlawful actions.

## COUNT II: - PREGNANT WORKERS FAIRNESS ACT

21. Poss hereby incorporates paragraphs one (1) through twenty (20) of her Complaint as if the same were set forth at length herein.

22. Poss, at all relevant times, was a birthing person who was pregnant and a "qualified employee," as the Pregnant Workers Fairness Act ("PWFA") defines that term. The defendant was aware of Poss' pregnancy and/or regarded her as a pregnant individual and/or has a written record of Poss' pregnancy.

23. Poss attempted to engage in the interactive process with Defendant by seeking a "reasonable accommodation." Defendant failed/refused to engage in the interactive process and terminated Poss' employment in connection to her engagement in a protected activity.

24. Defendant's actions were intentional, willful, and taken in reckless disregard of Poss' rights as protected by the PWFA.

25. Poss has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Stormie Poss, respectfully requests that this court enter judgment in her favor and award her the following relief:

1. Reinstatement to her position with the Defendant with appropriate tenure, benefits, work schedule, and shift or an award of front pay in lieu thereof;

2. Award Plaintiff all wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Award Plaintiff compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Award Plaintiff compensatory damages;

5. Award Plaintiff punitive damages;

6. Award Plaintiff all costs and attorney's fees incurred as a result of bringing this action;

7. Award Plaintiff pre- and post-judgment interest on all sums recoverable; and

8. Award Plaintiff all other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: */s/Kyle F. Biesecker*
Kyle F. Biesecker
Lauren E. Berger
3200 West End Avenue, Suite 500
Nashville, Tennessee 37203
Telephone Number: (615) 783.2171
Email Address: kfb@bdlegal.com
lberger@bdlegal.com

*Counsel for Plaintiff, Stormie Poss*

**DEMAND FOR JURY TRIAL**

Plaintiff, Stormie Poss, by counsel, requests a trial by jury on all issues deemed so triable.

        Respectfully submitted,

        BIESECKER DUTKANYCH & MACER, LLC

        By: */s/Kyle F. Biesecker*
        Kyle F. Biesecker
        Lauren E. Berger
        3200 West End Avenue, Suite 500
        Nashville, Tennessee 37203
        Telephone Number:  (615) 783.2171
        Email Address:  kfb@bdlegal.com
                                  lberger@bdlegal.com

        *Counsel for Plaintiff, Storm Poss*